IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOTROY HALL, #311-568 | : | |
|     Plaintiff | : | |
| v | : | Civil Action No.  L-09-3198 |
| CHRIS MUSICK | : | |
|     Defendant | : | |

### **MEMORANDUM**

This *pro se* 42 U.S.C. § 1983 prisoner civil action, received for filing on November 24, 2009, was submitted by Lotroy Hall ("Hall") an inmate at the Western Correctional Institution.  Hall claims that he met Defendant Chris Musick ("Musick") while both were detained at the Maryland Correctional Training Center in Hagerstown, and that they both "made [a] verbal business agreement that who ever be released first, that one would start our partnership in opening up a store."  Docket No. 1 at 1.  Hall asserts that Defendant was released first and pursuant to Musick's letter and their business agreement, both he and his mother sent Musick funds.  Hall claims that he trusted Musick with his life savings and Musick will not return his telephone calls or answer his letters.  Id., at 2.  He asks that he be appointed legal representation to assist him in obtaining "information otherwise that as an inmate [I] will not be able to obtain."  In his prayer for relief Hall seeks aggregate compensatory and punitive damages of $9,000.00. He further asserts that he will be irreparably injured by Musick's conduct unless the Court grants declaratory and injunctive relief.  Accompanying the action is Hall's Motions for Appointment of Counsel and for Temporary Restraining Order and/or Preliminary Injunction.  Docket Nos. 2 and 3.

Hall has filed neither the civil filing fee nor an indigency application. He shall not be required to cure this deficiency as his action fails to satisfy the subject-matter jurisdiction requirements of the Court and shall be dismissed for the failure to state a claim.

This is a Court of limited jurisdiction. It does not typically adjudicate state contract or tort claims, with the exception of such claims filed pursuant to this Court's 28 U.S.C. § 1332 diversity jurisdiction.

Section 1332(a) requires that:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

    (1)    citizens of different States;
    (2)    citizens of a State and citizens or subjects of a foreign state;
    (3)    citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4)    a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Plainly, the parties in this case are not diverse. They reside in Maryland. Further, Hall's relief request does not meet the jurisdictional amount in controversy under § 1332. Therefore, Hall may not move forward in this Court with a claim involving only issues of contract or tort liability.

The Court does take jurisdiction over civil rights claims raised under 28 U.S.C. § 1343. While Hall does accuse Defendant Musick of "deliberate indifference"[1] in his prayer for punitive damages, the essential claims raised against Musick sound in tort and/or contract and are insufficient

---

[1] Deliberate indifference are "buzz words" for raising a constitutional claim under the cruel and unusual punishment clause of the Eighth Amendment.

to support allegations of a constitutional claim.  Further, Musick, a former Maryland inmate, is not a state actor.  A civil rights complaint, filed under 42 U.S.C. § 1983, may only lie against those acting under color of state law.  This is a threshold requirement.  See Wyatt v. Cole, 501 U.S. 158, 161 (1992); West v. Atkins, 487 U.S. 42, 49 (1988); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928-30, 935-37 (1982).  Therefore, Hall may not maintain a § 1983 action against Musick.[2]

For the aforementioned reasons, the Complaint shall be dismissed without requiring service of process on Defendant.  A separate Order follows.

Date:   December 14, 2009

/s/
_____
Benson Everett Legg
Chief Judge

---

[2]   Hall's Motion for Temporary Restraining Order and/or for Preliminary Injunction and Motion for Appointment of Counsel shall be denied as moot.